## IMMUNITY IN THE SALE OF PLUMAGE OF THE WHITE HERON.

Circuit Court of Cuyahoga County.

The State of Ohio v. A. M. Solomon, and The State of Ohio v. The Bailey Company.

Decided, January 12, 1912.

*Game Birds—Purpose of the Statute to Protect Native Birds and Migratory Birds Finding a Home in the State during Certain Seasons—White Heron Not of Either Class.*

The white heron is not included within the protection of Section 1412, General Code, and a criminal prosecution does not lie against one offering the plumage of this bird for sale.

*T. S. Hogan* and *Morgan & Litzler,* for plaintiff in error.
*Hidy, Klein & Harris,* contra.

Marvin, J.; Winch, J., and Niman, J., concur.

Error to the court of common pleas.

These two cases are exactly alike so far as the law points are involved. Each of the defendants was prosecuted for having in possession and offering for sale the plume of a bird known as the white heron. Speaking in the singular, as though there was but one case, the facts are, that the defendant had the plume in possession and exposed for sale at the time charged. The prosecution was before a justice of the peace; the defendant was found guilty and sentenced. On error prosecuted in the common pleas court, this judgment was reversed and the defendant discharged.

We are called upon, by proper proceedings in error, to determine ,whether or not there was error in this judgment of reversal.

Several grounds of errors on the part of the justice were claimed, any one of which justified the judgment of reversal. The offense, if there was an offense, was because of a violation of Section 1409 of the General Code. Among the grounds urged was that the prohibition contained in this section did not include the white heron; another was that if it did include the white heron, the act was unconstitutional, it being the taking of private property without due process of law.

This last proposition we do not feel called upon to discuss, other than to say that we are not impressed with the views expressed by the court of common pleas in its opinion in the case. However, as we view the case, it is not necessary that this question be passed upon.

A similar prosecution was instituted in Stark county, in 1908, against one Abt [9 N.P.(N.S.), 311]. The result in that case was a conviction before the justice of the peace, a reversal of that conviction by the court of common pleas; that judgment of reversal was affirmed by the circuit court, which last named judgment was affirmed by the Supreme Court. See 83 Ohio State, 451. No opinion is reported, so that it may have been for the reasons given by the court of common pleas or for those given in the circuit court, or both.

The opinion of the common pleas court reversing the judgment of the justice is reported in 9 N.P.(N.S.), at page 311. The opinion of Judge Harter, of the common pleas court, in this case is based upon the proposition that the white heron is or may be a game bird, and that there is no protection for such birds in the statute. This reason does not now exist, because of General Code, Section 1412, which gives an enumeration of birds, does not include the white heron, and the section closes with the words: "The birds named in this section shall be known and 'classed as game birds, in contradistinction to all other birds."

However, there still remains the question of whether the white heron is included within the prohibition of Section 1409.

In that section a large number of kinds of birds, forty-two in all, are enumerated as those whose plumage, etc., shall not be exposed for sale, and the enumeration ends with the words: "or any wild bird other than a game bird." It being so settled by statute that the white heron is not a game bird (Section 1412), we have the question of whether these words include the white heron.

The evidence shows in this case exactly as it showed in the case against Abt and is expressed in the language of the opinion announced in the circuit court in the Abt case. The following is a quotation from that opinion:

"It also fully appears from the evidence in this case that the snowy heron is not a native bird of Ohio; that it is a habitant of southern waters, and is never seen in a wild state in Ohio except very rarely. So that if it is found in the state at all it is only as a vagrant individual of a species, and is not a native bird. We think these statutes are designed to protect the native birds and migratory birds that find a home in this state during certain seasons of the year, as well as other migratory birds that cross the state at regular intervals of each year; and not merely a transient or vagrant individual of a class whose habits are not to migrate either to this state or across it."

I have refreshed my recollection in reference to this case by talking with the clerk of the court of Stark county since this case was heard, and I find, what on the hearing I thought to be true, that the circuit court was composed of Judges Donahue, Taggart and myself. Judge Donahue, as is well known, is now a judge of the Supreme Court of this state; Judge Taggart was recently chief justice of the circuit courts, both of whom are well known and were recognized; at the time this opinion was announced, as among the ablest judges in the state. This opinion was concurred in by all of us who sat in the case, and my recollection is (however, of this I am not certain) that the opinion was prepared by Judge Donahue. No court, so far as we know, in the state of Ohio, has dissented from the proposition

announced in this opinion since it was delivered; and, following that opinion, and for the reasons stated in that part of it which is hereinbefore quoted, the judgment of the court of common pleas in this case is affirmed.